JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} On November 30, 2007, the grand jury returned a three-count indictment against defendant-appellee David Weinstein. The first count charged Weinstein with violating R.C. 2925.03(A)(2) by trafficking a controlled substance, Percocet (a Schedule II drug), and includes a schoolyard specification, making the charge a second degree felony.
 {¶ 3} The second count charged Weinstein with violating R.C. 2925.11(A) by possessing a controlled substance, Percocet (a Schedule II drug), a third degree felony. The third count charged Weinstein with violating R.C. 2923.24(A) by possessing criminal tools, specifically an automobile and U.S. currency, a fifth degree felony. All three counts contain two forfeiture specifications, which refer to the vehicle and the money.
 {¶ 4} Weinstein, a 60-year-old man, was driving his 1990 Honda in Euclid, Ohio when he was stopped by the police for having a broken windshield. Weinstein consented to a search of his vehicle, and the police found a pill bottle containing 30 pain killers, Percocet, and 0.1 gram of marijuana. Weinstein also had approximately *Page 4 
$13,000 in cash in his pocket. Weinstein was charged with a Euclid ordinance traffic offense for the cracked window and with possession of a controlled substance. On July 6, 2007, officers from the Euclid Police Department issued Weinstein a citation for drug abuse, in violation of a municipal ordinance.
 II {¶ 5} Appellant's assignment of error provides the following: "The trial court abused its discretion when it granted the appellee-defendant's motion to dismiss on the grounds of double jeopardy because its reasons for finding that the state was prosecuting the defendant for the same offense for which he already had been convicted were arbitrary and unreasonable."
 III {¶ 6} The state argues that the common pleas court abused its discretion when it granted Weinstein's motion to dismiss on the grounds of double jeopardy. We do not find merit in the appellant's argument. *Page 5 
 {¶ 7} Double jeopardy is established by the Fifth Amendment to the Constitution of the United States, which states: "No person shall *** be subject for the same offense to be twice put in jeopardy of life or limb ***." The Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784,89 S.Ct. 2056, 23 L.Ed.2d 707.
 {¶ 8} It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense. United States v.Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556,567; Ashe v. Swenson (1970), 397 U.S. 436, 445-446, 90 S.Ct. 1189, 1195,25 L.Ed.2d 469, 476-477. As stated in Green v. United States (1957),355 U.S. 184, 187-188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204, 77 Ohio Law Abs. 202:
 "The underlying idea [embodied in the Double Jeopardy Clause], one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."
State v. Ogle, Cuyahoga App. No. 87695, 2007-Ohio-5066, ¶ 18.
 {¶ 9} A review of the Euclid Municipal Court proceedings demonstrates that only Percocet pills and Weinstein's currency were involved. A review of the July 26, 2007, Euclid Municipal Court transcript demonstrates that the original case only concerned the pills and the money. In fact, a thorough review of the transcript *Page 6 
illustrates that the court never even mentioned marijuana in the Euclid Municipal Court plea hearing. A review of the July 26, 2007, Euclid Municipal Court transcript, in its entirety, provides the following:
 "JUDGE: Good morning, Mr. Gold.
 MR. GOLD: Good morning, Ma'am.
 JUDGE: Ms. Sweeney.
 MS. SWEENEY: Thank you, Your Honor. We tried this matter with Mr. Gold. At this time Mr. Weinstein is going to plead to the charges on 07CRB824 and the City will annihilate the traffic case 07TRB3193. The cracked windshield has been repaired.
 JUDGE: You are now entering the (inaudible) file.
 MS. SWEENEY: That is correct.
 JUDGE: Is that correct, Mr. Gold?
 MR. GOLD: That is correct, Your Honor.
 JUDGE: What is the change of plea on the charge of drug abuse?
 MR. GOLD: The plea is guilty, Your Honor.
 JUDGE: And you have advised your client that this charge is a first degree misdemeanor and as such if convicted the possible penalty includes a fine not to exceed $1,000.00 and six (6) months in jail?
 MR. GOLD: Yes, Your Honor. *Page 7 
 JUDGE: And Mr. Weinstein you understand your right to have a trial either to this Court or to a jury, and if you choose to go to trial you have the right to have prosecution prove this case beyond a reasonable doubt to cross-examine prosecution witnesses, to subpoena witnesses on your own behalf, and you have a right not to testify?
 MR. WEINSTEIN: I understand, Your Honor.
 JUDGE: And you are voluntarily waiving your right to a trial, sir?
 MR. WEINSTEIN: Yes, I am.
 JUDGE: Are you voluntarily entering this plea of guilty?
 MR. WEINSTEIN: Yes.
 JUDGE: And are you a citizen of the United States?
 MR. WEINSTEIN: Yes, I am.
 JUDGE: Go ahead, Mr. Gold. What would you like to tell me on behalf of your client?
 MR. GOLD: May it please the Court, Defendant was stopped for a cracked windshield and agreed to a search of the car and in the car was found a bottle of pills containing Percocet. He does have prescriptions of the Percocet, he doesn't have the right to carry them in a bottle that doesn't say his name on it and so forth. He is not a drug user. He does take pain medication. He has been unemployed but he does part-time jobs *Page 8 and in his pocket was all of the money he had in the world.
 JUDGE: $13,000.00 in cash?
 MR. GOLD: All the money he had in the world that he can't leave at home with his wife and he can't put in a bank for various reasons. He had it right in this pocket, it wasn't hidden. And we ask that the Court treat this as a violation of the law which it was, but not as a dangerous one, and that he be permitted to have his money returned to him so he can go on living his meager life. The car he had was a real beater and he carried a lot of things that people don't carry in their car, clothing and so forth.
 JUDGE: What do you want to tell me, Mr. Weinstein?
 MR. WEINSTEIN: Everything I told the police is the truth. I went there to do a friend a favor.
 JUDGE:
 How do you know Miss (unaudible), whose name is very familiar to me?
 MR. WEINSTEIN: I've known her for many years. You probably know her brother.
 JUDGE: I don't know her personally, I know her professionally.
 MR. WEINSTEIN: I have just known them for a long time. She called me and asked for a ride. She is always needing help. I was trying to help her save her house which is in foreclosure. She had papers with a friend there. She had left her purse. I have had my prescription medication, I thought *Page 9 there was nothing at all wrong that's why I let them search my car. I had no hesitation. Just terrible timing.
 JUDGE: Why wouldn't you have your prescribed medication in the bottle from the drug store?
 MR. WEINSTEIN: You don't understand. I'm my own life. It's almost too much to talk about. I couldn't leave my money at home, I couldn't leave my medication at home, it would have been taken. My significant other has mental and physical problems. That's the only reason I threw it in that bag and had it with me so she wouldn't take them.
 JUDGE: You live in University Heights, is that correct?
 MR. WEINSTEIN: Yes, I do.
 JUDGE: Are you aware of the area of Euclid you were in? I hate to tell you, sir, it is probably the biggest supermarket for drugs.
 MR. WEINSTEIN: I didn't consider it because I'm not a drug person. I didn't consider it. I was worried about her getting her purse and her papers that she needed.
 JUDGE: She is somebody else you need to break ties with.
 MR. WEINSTEIN: I figured that out. It is a little late but I have certainly figured that out. Judge, like I said, my relationship is with the father. *Page 10 
 JUDGE: Anything else you wanted to tell me on behalf of your client?
 MR. WEINSTEIN: No, your Honor.
 JUDGE: Mr. Weinstein, if you get a legitimate prescription, you need to keep it in the bottle from the pharmacy.
 MR. WEINSTEIN: That was my mistake. I wasn't aware of that.
 JUDGE: I'm going to find you guilty, I'm going to accept your guilty plea and find you guilty. It will be $200.00 and costs.
 MR. GOLD: Thank you, Your Honor.
 MS. SWEENEY: Your Honor, about the release of the money?
 JUDGE: I don't have a Writ in Motion, is there any objection from the Prosecution?
 MS. SWEENEY: Not at all.
 JUDGE: Let me have the file back and I'll do an entry on the file. I've ordered the release of the funds.
 MR. GOLD: Thank you, Your Honor."
 {¶ 10} Clearly, the municipal court transcript fails to mention anything about marijuana. The record further demonstrates that the prosecutor was present at the municipal hearing. As such, she was able to clear up any perceived errors regarding any alleged failure by defense counsel or the municipal court judge to make sure that any necessary marijuana charge was included. A review of the record *Page 11 
demonstrates that the city prosecutor never objected, or even mentioned, anything about marijuana.
 {¶ 11} Moreover, the municipal court judge in this case ordered that the $13,000 be released. The release of the funds demonstrates that the municipal court only intended to charge Weinstein with trafficking and/or possessing the Percocet. Euclid had every right to maintain possession of the money until the conclusion of the case if it did not intend for the July 26th hearing to be dispositive of the entire case. It did not.
 {¶ 12} In addition, common pleas court Exhibit B, charging a controlled substance, contains no mention of marijuana being the subject of the case. The only drug discussed was the Percocet. As the matter involving the Percocet pills and the money found on Weinstein was previously resolved, we affirm the lower court's finding of double jeopardy.
 {¶ 13} The lower court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 COLLEEN CONWAY COONEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1